IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRIS BRISCOE,

    *Plaintiff*,

v.

AMAZON.COM SERVICES, LLC et. al,

    *Defendant*.

Case No. 2:24-cv-02257-EFM-TJJ

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Kris Briscoe's Motion to Change Magistrate Judge in which she seeks to either (1) have Magistrate Judge Teresa J. James disqualified from the case or (2) be refunded the $402 filing fee (Doc. 4).[1]  Plaintiff initially filed what appears to be largely the same case against the same Defendants on October 31, 2023.  District Judge Toby B. Crouse and Magistrate Judge Teresa J. James were assigned to her case.[2]

On May 28, 2024, Plaintiff moved for voluntary dismissal of her case, complaining that Judge James and the defense counsel used similar "tones" while stating Defendants were "getting away with murder!"  At the same time, Plaintiff requested that the Court transfer her case to the United States District Court for the Western District of Missouri.  On May 31, Judge Crouse

---

[1] Plaintiff filed her Motion, followed by a Memorandum in Support, a Supplemental Memorandum in Support, and an Amended Supplemental Memorandum in Support.

[2] *See Briscoe v. Amazon.com Inc.*, *et. al*, 2:23-cv-02481-TC-TJJ.

granted Plaintiff's motion, dismissed the case without prejudice, and found Plaintiff's request for transfer to be moot.

On June 14, Plaintiff refiled her case in this Court. This time, Chief District Judge Eric F. Melgren and Magistrate Judge Teresa J. James were assigned to her case. On June 18, Plaintiff filed the present Motion, claiming that her intention in dismissing her previous case was to get a new magistrate judge assigned to her. Now, having paid the $402 filing fee, Plaintiff ironically was reassigned Judge James as per the Court's random assignment of judges and magistrate judges.

In her present Motion, Plaintiff asks Judge James to be removed from the case *or* for her $402 filing fee to be refunded, in which case Plaintiff has no issue with Judge James remaining on the case. Plaintiff cites 28 U.S.C. § 455, which requires a judge or magistrate judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned"[3] or "[w]here he has a personal bias or prejudice concerning a party."[4] Plaintiff's allegations, however, fail to raise even a slight inference that Judge James's impartiality may be *reasonably* questioned. Her only complaint against Judge James appears to be that Judge James did not reprimand the defense attorney when Plaintiff felt insulted by him. This is insufficient to trigger the protections under 28 U.S.C. § 455. Instead, Plaintiff appears to be engaging in "judge shopping," a wholly impermissible use of 28 U.S.C. § 455.[5]

Furthermore, Plaintiff herself states that Judge James may remain on the case as long as Plaintiff receives back her second filing fee. It appears that—to Plaintiff—the only difference

---

[3] 28 U.S.C. § 455(a).

[4] 28 U.S.C. § 455(b)(1).

[5] *See, e.g.*, *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (noting 28 U.S.C. § 455 is not "intended to bestow veto power over judges or to be used as a judge shopping device").

between Judge James being partial or impartial is $402.  Essentially, Plaintiff attempts to turn 28 U.S.C. § 455's provisions into a negotiating tool.

In short, nothing in Plaintiff's Motion implicates the provisions of 28 U.S.C. § 455 in the slightest.  The Court is "mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[6]  Therefore, her request for Judge James' disqualification is denied.

As to Plaintiff's unusual request for a refund, she fails to offer any law or reasoning in support of her position.  She only states that she did not expect Judge James would be assigned to her newly filed case.  The Court is not responsible for how Plaintiff chooses to prosecute her case, nor does it determine which magistrate judges are assigned to a case.  Ultimately, it was her decision to dismiss her case and her decision to refile it in this Court.[7]  To the extent Plaintiff's previous dismissal was merely an attempt to "judge shop," that practice is severely frowned upon, and the Court will not aid her in that endeavor by refunding her the cost of her shopping expedition.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *Id.*

[7] Given her previous request, the Court finds it surprising that Plaintiff did not seek to refile in the United States District Court for the Western District of Missouri.