**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Kris Briscoe, Pro Se | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Amazon.com Services, LLC | § | |
| Defendant | § | |
| Serve Registered Agent - Daniel Boatright | § | |
| Kansas City, MO | § | |
| | § | Case No.:  2:24-cv-02257-EFM-TJJ |
| | § | Case No.:  2:23-cv-02481-TC-TJJ |
| Gavin Hepburn, Regional Service Leader | § | |
| Individually,  Amazon.com Services, LLC, ET AL | § | |
| Resident of Washington | § | |
| | § | |
| Kevin Warf, MHLS Team Leader | § | **JURY TRIAL REQUESTED** |
| Individually, Amazon.com Services, LLC, ET AL | § | |
| Resident of North Carolina | § | |
| | § | |
| Silvia Valdez, MHLS Team Leader | § | |
| Individually, Amazon.com Services, LLC, ET AL | § | |
| Resident of Utah | § | |
| | § | |
| Ryan Johnston, Investigator | § | |
| Individually, Amazon.com Services, LLC, ET AL | § | |
| Resident of Colorado | § | |
| | § | |
| Theunis Kotze, Sr. Manager | § | |
| Individually, Amazon.com Services, LLC, ET AL | § | |
| Resident of Texas | § | |
| | § | |
| Bethany Reyes, Head of ERC (MHLS) | § | |
| Individually, Amazon.com Services, LLC, ET AL | § | |
| Resident of Washington | § | |
| | § | |
| Genelle Rose, Team Lead | § | |
| Individually, Amazon.com Services, LLC, ET AL | § | |
| Resident of Louisiana | § | |
| | § | |
| Jasmine Kammer, HR Business Partner | § | |
| Defendant | § | |

Individually, Amazon.com Services, LLC, ET AL    §
Resident of North Carolina    §

    §

THIRD PARTY    §
Amazon.com, Inc.    §
Defendant, Washington    §

## MEMORANDUM TO SUPPORT
## MOTION TO TRANSFER VENUE OR AN APPEAL
## BIAS OR PREJUDICE OF JUDGE

Original Case:

2:23-cv-02481-TC-TJJ - Paid $402 on 10/31/2023

Assigned to District Judge Toby Crouse and Magistrate Teresa J. James

Current Case:

2:24-cv-02257-EFM-TJJ - Paid $405 on 6/14/24.

Assigned to Chief District Judge Eric F. Melgren and Magistrate Teresa J. James (who was previously removed from the first case).

It is important to mention that the Plaintiff has been nothing but respectful and cordial towards the court, judges and defense attorney. She was even considerate enough to ask if it is a good time to send them pleadings or if closer to her deadline works better for them.

### Background

A brief summary of the original case that was filed on 10/31/23. Defendants filed a MTD for Failure to State a Claim on 12/19/23. Plaintiff amended her complaint and the First Amended Complaint was filed on 5/2/24 (Doc 22). This is five months after filing the case, and there is no serial intent to get justice. While ruling on the amendment using a Memorandum and Order, Magistrate Teresa J. James was very compassionate with her words towards the Defendant, and let them down easy, since their motion to dismiss wasn't granted. This felt in line with the good rapport in which both parties and the court had developed.

Refer to Memorandum and Order, Doc 21 @ 9.  "Again, rather than granting Plaintiff leave to partially amend her complaint and addressing each of Defendants' futility arguments for each of the multiple claims asserted against the four new individuals, the Court finds it would be more expedient and efficient to allow Plaintiff to file her First Amended Complaint adding these four individuals. This will allow Plaintiff's claims against these parties to be "more appropriately resolved by the district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c)," rather than in the posture of an opposed motion for leave to amend."

Essentially the Magistrate is telling the defendant they can file a motion for summary judgment or a motion to dismiss.  The delivery was professional, compassionate and focused on the issue.

The ruling removed Amazon.com, Inc. as a defendant.  The Plaintiff is Pro Se, and after additional research found options to possibly include Amazon.com, Inc. as a party.  She submitted this request and titled the proposed Amended Complaint as "Second Amended Complaint".  In the meanwhile, the defendants were trying to have her First Amended Complaint dismissed as Failure to State a Claim.  They wanted the entire case dismissed for that reason.

Magistrate Teresa J. James ruled on the Plaintiff's attempt to add Amazon.com, Inc. Please note the difference in how this ruling was handled.

#1 - The Plaintiff spent a lot of time researching and writing her Motion to Add Amazon.com Inc. as a third party, joint employer or separate complaint.  Their involvement in this case is very material.  They are considered the "corporate office" where concerns are escalated.

#2 Magistrate Teresa J. James for some reason **didn't** write a Memorandum and Order for her ruling.  As far as the Plaintiff can tell, she followed the rules by presenting the Motion, and Memorandum to Support the Motion. (Doc. 24, Doc. 30 & Doc. 31).

#3 The Plaintiff hasn't heard or does she have a reason to be in contact with Amazon, the defendant.  However, on **May 28**, 2023 around 5:15 am, she received a message from them.

#3a Then the Plaintiff received the ruling from Magistrate Teresa J. James on the same day, **May 28**, 2023 around 11:53 AM.

#3b The irony in this timing was alarming to the Plaintiff, because these are the type of things that Amazon frequently did with her while she was an employee.  They play a lot of mind games, and she could predict when something bad was about to happen based upon their actions.

#3c The manner in which Magistrate Teresa J. James delivered this ruling (mimicking the Defense Attorney's new demeanor towards the Plaintiff); and not utilizing a memorandum and order with case law; and Amazon sending a message out of the blue, were all red flags.

#3d It was as if Amazon knew of the ruling prior to the Plaintiff.

#4  Magistrate Teresa J. James entered the below ruling as Doc. #37, without a PDF.  It is regarding Docs #30 and 31.

"05/28/2024 ORDER denying 30 Plaintiff's Motion to Amend Complaint to Add Amazon.com, Inc. as a Third Party Defendant or Separate Complaint. Although Plaintiff requests leave to add Amazon.com, Inc. as a third party defendant, she attaches her proposed Second Amended Complaint and not a proposed third-party complaint under Fed. R. Civ. P. 14(b). Furthermore, as the Court has already found in its prior 21 Memorandum and Order granting Plaintiff's Motion for Leave to Amend Complaint, Plaintiff's previous employer is Amazon.com Services, LLC, and it was substituted for Amazon.com, Inc. throughout 22 Plaintiff's First Amended Complaint. Plaintiff now seeks leave to add Amazon.com, Inc. back in the case as a third party defendant based upon its alleged status as a "joint employer." However, other than this conclusory statement, Plaintiff makes no other allegations in her proposed second amended complaint that would state a claim against Amazon.com, Inc. Moreover, Plaintiff's serial requests to amend her Complaint, this her requested fifth amendment, including her request now that the Court undo what she had previously requested and which the Court allowed, would permit and encourage inefficiencies and further delay contrary to Fed. R. Civ. P. 1. Plaintiff's motion is

denied. Signed by Magistrate Judge Teresa J. James on 5/28/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk)"

This response is a lot different than how the Memorandum and Order, Doc 21 @ 9 was handled denying the Defendant.  The Plaintiff doesn't feel like she was given a fair shake on her request to add Amazon.com, Inc. as a defendant, and if she was, a response with case law would facilitate her understand the ruling.  She felt like the Magistrate showed a lot of respect towards the Defendant when his motion wasn't granted, and she was the opposite with the Plaintiff.  She felt like Magistrate James acted biased.  There was also a twist on what happened, and all of a sudden the Plaintiff submitted a "fifth amendment".  This was taken out of context.

For some reason, the Magistrate changed her tone towards the Plaintiff and started sounding harsh like the Defense Attorney recently started doing.  She mimicked his tone.  When he was amiable in behavior, the Magistrate was the same.  When he became aggressive with his words, the Magistrate did the same.  Let's point out some of the insults:

#1 Insult: "she attaches her proposed Second Amended Complaint and not a proposed third-party complaint".

The reason why she attached an Amended Complaint is because she listed multiple options, and didn't know the ruling (third party, joint employer, separate complaint).  If there was going to be a third party ruling and/or joint employer or a separate complaint, then she would need to submit those separately (just like the Magistrate gave instructions in Doc. 21), and other Magistrates give instructions to Pro Se litigants.  Why would the Magistrate change her actions and tone regarding this request?  The Plaintiff is seeking justice, and she isn't interested in causing any issues with the court.

#2 Another insult:  " Court has already found in its prior 21 Memorandum and Order granting Plaintiff's Motion for Leave to Amend Complaint, Plaintiff's previous employer is Amazon.com Services, LLC, and it was substituted for Amazon.com, Inc."

The Plaintiff did make the required changes regarding Amazon.com Services, LLC as her previous employer.  However, the Plaintiff is submitting a separate issue.  Why is Amazon.com, Inc. the corporate office, being removed when they were materially involved throughout the case?  This is where a memorandum and order with case law helps.

#3 Another insult:  "Plaintiff now seeks leave to add Amazon.com, Inc. back in the case as a third party defendant based upon its alleged status as a "joint employer."

The court rules do allow Judges to liberally construe Pro Se pleadings.  While the "joint employer" verbiage flowed with the third party language; and the third party may require another complaint document, these are technical deficiencies.  The Plaintiff has read many cases where Kansas Magistrates and Judges have given instruction to Pro Se Litigants and or time to correct deficiencies.  For this reason, it isn't clear why Amazon.com, Inc. wasn't included.  They are listed throughout the original complaint.  A Memorandum and Order with case law would have helped to cure this need for an understanding.

Why wasn't this done as a Memorandum and Order?  It doesn't cover the Plaintiff's attempt to explain why Amazon should be a third party, joint employer or separate complaint. The Plaintiff is now able to completely rule out as a third party, because the third party summons states that the Defendant would make a claim that a third party should be involved.  However, the Plaintiff made statements as to why Amazon.com, Inc. should be listed as a defendant and/or joint employer, because they were materially involved.  The Memorandum and Order would have presented an opportunity to use case law, versus an administrative burden to the court.  The Plaintiff still isn't clear on why Amazon.com, Inc. isn't listed as a defendant.

The Plaintiff decided to consider the red flags with how her motion was handled, and the contact from Amazon on the exact same day.  It felt biased to her.  She first asked for a Motion to Change Venue and/or MTD without prejudice on 5/28/24.  Judge Toby Crouse responded on 5/30/24 to the Venue Transfer by removing the Magistrate Judge and stating that he will decide the issue.  The MTD without prejudice was granted by Judge Crouse on 5/31/24.

The Plaintiff pursued the venue transfer, however, after a diligent review and the Defense Response on or about 5/30/24 opposing a change in venue, the Plaintiff felt like she was going to end up delaying and adding costs to the lawsuit that may end up right back in Kansas. She wants justice, and mistakenly refiled in Kansas on 6/14/24. She was reassigned to Magistrate Teresa J. James again, who was removed from the first case. She was also assigned to Judge Eric J. Melgren. In all honesty, the Plaintiff doesn't understand why her new case didn't follow through with a random assignment. It wasn't "judge shopping" it was returning for justice.

After she refiled, the court clerk requested that she called. She called and spoke to Jaime who clarified the options of either reopening her existing case and submitting the changes through an amendment or actually starting a new case. The Plaintiff thought she understood that their new cases are randomly assigned. She took time to think about it and called Jaime back to confirm that she wanted a new case. Her thought at the time was that starting over will be best, as she felt there was biased behavior in the initial case.

Due to the assignment back to the Magistrate who was removed on the prior case, the Plaintiff asked for either random judge assignments or a refund on 6/18/24. The Plaintiff didn't negotiate or ask to negotiate. She stated the relief that she wanted. The Plaintiff asked the Clerks privately, but was told that this needs to be resolved by the court. The Plaintiff submitted a motion to Change the Magistrate, since she felt she was biased, and the magistrate was already removed from the first case. She didn't expect that a random assignment would lead her to the same one, under the circumstances. Once again, this wasn't "judge shopping", it was wanting fairness and justice. Just as in motions for new trials, etc. a defendant is typically provided with a new attorney. She wants the focus to be on the case, and nothing else.

Human beings sometimes carry bad feelings and aren't able to separate them from decisions. She felt it was safer to start all over, and this is why she paid again. It absolutely had nothing to do with "judge shopping" as Judge Melgren insinuates on June 28, 2024. The Plaintiff is only seeking JUSTICE, and if he doesn't see it that way, that is very alarming to her, as well. Most importantly, she wanted to change venues, but it was objected to by the Defense. She didn't want to return to the Kansas District Court, as there are too many red flags.

Most importantly, the motion order was entered on the docket on 6/21/24, and it led the Plaintiff to believe that the Magistrate was removed. "MOTION REFERRAL to Magistrate Judge REMOVED as to: 4 MOTION to Change Magistrate Judge. The motion will be resolved by the District Judge.(byk)".

This message is identical to when the Magistrate was removed on the initial case (2:23-cv-02481-TC-TJJ ):  "MOTION REFERRAL to Magistrate Judge REMOVED as to: 39 Motion to Change Venue. The motion will be resolved by the District Judge.(byk)"

However, on 6/28/24 Chief District Judge Eric F. Melgren responded to the Motion via Memorandum and Order denying the Motion to Change Magistrate.  He did this the very next day after the Plaintiff requested the summons for the defendants (on 6/27/24).  The Plaintiff is confused by this action.  This is adding to the list of red flags.

In addition, he did exactly what the Plaintiff stated she didn't want, he insulted her at each opportunity on his Memorandum and Order, Doc 8. on 6/28/24 (this makes it feel personal instead of a focus on the issue/case, which makes him also feel biased against her):

#1 Insult: "On May 28, 2024, Plaintiff moved for voluntary dismissal of her case, complaining that Judge James and the defense counsel used similar "tones" while stating Defendants were "getting away with murder!"

The Plaintiff explained above why she wanted a MTD without prejudice.  This statement is very dramatic and doesn't represent what happened.  The Plaintiff stated that Amazon.com, Inc. is getting away with murder by not being listed as a defendant.  Two completely different matters.

#2 Insult:  "On June 18, Plaintiff filed the present Motion, claiming that her intention in dismissing her previous case was to get a new magistrate judge assigned to her. Now, having paid the $402 filing fee, Plaintiff ironically was reassigned Judge James as per the Court's random assignment of judges and magistrate judges."

The Plaintiff never stated that she dismissed her previous case in order to get a new magistrate judge.  She stated she wanted a fair proceeding and justice.  She even asked if Judge Julie Robinson (African American judge who doesn't seem to have many newly assigned cases, could handle her case), and this was denied for a "random assignment".

The Plaintiff stated that since her case was reassigned to the same magistrate, she didn't find it fair to pay the $405 fee.  She had a choice to reopen the first case ***OR*** file the new case.  New cases are supposed to be RANDOMLY assigned.  At no time did the clerk tell her the only option was to be assigned to the same Magistrate, therefore, reopen the existing case.  So is the court seeking to take funds ($405) from Pro Se litigants by not sharing facts with them?  It is a material fact to share that her case will, no matter what, be assigned to the same judges, especially if she considered the initial magistrate biased.  She was led to believe that she had a choice.  She trusted what was stated to her and believed it to be an answer of integrity.

#3 Insult:  In her present Motion, Plaintiff asks Judge James to be removed from the case or for her $402 filing fee to be refunded, in which case Plaintiff has no issue with Judge James remaining on the case. Plaintiff cites 28 U.S.C. § 455, which requires a judge or magistrate judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned"3 or "[w]here he has a personal bias or prejudice concerning a party."

First, the Plaintiff paid $405.  The Plaintiff really prefers not to have words placed into her mouth.  She absolutely never stated that she doesn't have an issue with Judge James.  She absolutely does have an issue with how Judge James handled the Amendment to add Amazon.com, Inc.  Judge James was biased towards the Plaintiff.  After all, she did a MTD without prejudice after her case had been sitting in this court since 10/31/23.  It's logical that she doesn't trust Magistrate James to render justice, and subsequently after reading the response from Judge Melgren, she doesn't trust that he would render justice either.

The Plaintiff already knew based upon the actions and new case assignment that she was up against a court that doesn't care about her or her desire to find justice.  She realized that with Judge Melgren, respectfully stated, that it will be a challenge to get through some of behavior that he is exuding (placing words in her mouth; changing the content of what she has stated; and

the mere fact that he is removing the focus from the case itself and trying to insult the Plaintiff, is enough red flags that something isn't right).

#4 Her only complaint against Judge James appears to be that Judge James did not reprimand the defense attorney when Plaintiff felt insulted by him. This is insufficient to trigger the protections under 28 U.S.C. § 455. Instead, Plaintiff appears to be engaging in "judge shopping," a wholly impermissible use of 28 U.S.C. § 455.5.

Another insult and red flag.  The Plaintiff stated the reason why she felt like Judge James is biased.  The Plaintiff doesn't feel that there is a focus on that issue by reading the documents listed in the pleadings.  Instead, there is a focus on other things.  The Plaintiff stated that she expects defense attorneys to behave in that manner, but some courts don't allow it.  The Plaintiff didn't state that she had any issue with Judge James not reprimanding him.  The Plaintiff stated that she had an issue with the Judge mimicking the behavior of the defense attorney instead of staying neutral.

Plaintiff isn't judge shopping.  She is seeking justice, as mentioned earlier.

#5 Another insult and red flag.  Furthermore, Plaintiff herself states that Judge James may remain on the case as long as Plaintiff receives back her second filing fee. It appears that—to Plaintiff—the only difference between Judge James being partial or impartial is $402. Essentially, Plaintiff attempts to turn 28 U.S.C. § 455's provisions into a negotiating tool.

If the Plaintiff stated this, can you kindly quote her?  Where in the document did the Plaintiff state that Judge James can remain on the case?  She never stated that she "can remain on the case", she stated if the court makes that decision then she would like a refund.  The judge can only speculate as to what happens next.  He doesn't know what act may follow if she remains assigned to the case.

Briscoe v. Amazon                    Transfer or Appeal                    Page 10

Also, the Plaintiff isn't negotiating her $405 filing fee.  She is stating a fact.  If you can kindly stop placing words into her mouth.  If she wanted to negotiate, she would state that.  You can be assured that the Plaintiff is the one who will tell you the truth about her intentions.  Can the court kindly use quotes to state what the Plaintiff stated, otherwise, it does feel like placing words into her mouth?

#6 "In short, nothing in Plaintiff's Motion implicates the provisions of 28 U.S.C. § 455 in the slightest."

The ruling after the many insults is that the motion is denied.

Another Insult:  "As to Plaintiff's unusual request for a refund, she fails to offer any law or reasoning in support of her position. She only states that she did not expect Judge James would be assigned to her newly filed case. The Court is not responsible for how Plaintiff chooses to prosecute her case, nor does it determine which magistrate judges are assigned to a case. Ultimately, it was her decision to dismiss her case and her decision to refile it in this Court.   To the extent Plaintiff's the previous dismissal was merely an attempt to "judge shop," that practice is severely frowned upon, and the Court will not aid her in that endeavor by refunding her the cost of her shopping expedition. "

To The Honorable Judge Eric F. Melgren - respectfully, the Plaintiff has read your Memorandum and Order on 6/28/24 with an open mind, but was hoping to ask a few clarifying questions as there is already a ruling on the case and the Magistrate was removed.  Can you kindly answer these questions?

1.  Did you rule again after there was a ruling on 6/21/24 removing Magistrate James?

2.  The Plaintiff included a statement regarding the defense and magistrate insults in the pleading in which you responded.  The Plaintiff also read your some of your statements as insults, was that the intent?

3.  The Plaintiff included specific statements on the pleading, in which you responded?  Do you prefer to slightly paraphrase what was said or quote it as a fact?

4.  The Plaintiff requested summons on 6/27/24?  Did this happen to influence your memo and order on 6/28/24?  Or just a coincidence?

5.  When you made your statements on the memo, did you happen to have justice in mind?

6.  Were you and Magistrate Teresa J. James (who was removed from the initial case) "randomly" assigned to this case?

7.  Do you you see judges role as a neutral party or one who should insult parties?

8.  Has any of your judges previously worked or attended school with any of the defense attorneys?  Or any type of personal relationship?

9.  Do you agree that a judge who displays a personal bias against a party should consider recusing themselves, as justice is important?

10.  Do you agree that the case should be handled by another jurisdiction based upon the court's demeanor and attitude towards the Plaintiff?

The Plaintiff is able to stay strong and ignore any insults or strategies by the defense, however, she prefers that a court will stay neutral and focused on providing justice.  She **doesn't** feel like she will get that from Kansas District Court.

In addition, diverse attorneys have led her to believe that they prefer not to handle her case, since it is in Kansas.  If what she believes about their behavior is true, then what she just experienced with Magistrate James and Judge Melgren is even more alarming.

**Relief that is sought, respectfully:**

There has been too much damage done. Please **transfer** both cases 2:23-cv-02481-TC-TJJ - Paid $402 on 10/31/2023; 2:24-cv-02257-EFM-TJJ - Paid $405 on 6/14/24 to Western Missouri jurisdiction, so justice can be served. There is a nexus of involvement with Missouri. This case is also diversity jurisdiction, with parties and witnesses from multiple states. Amazon also has business locations in Missouri. The case is race sensitive, and in the current venue, there is a lack of representation for the Plaintiff, including the population from which to select a jury. KansasCity, Missouri offers a more diverse population, and the court offers a diverse pool of Judges to help facilitate a neutral decision in the interest of justice.

The Plaintiff does believe that it was unfair that she had to pay twice, but it appears that Kansas wants to keep the money, if you can kindly follow protocol with the fee in terms of the transfer. Her focus is on getting justice versus turning her issue into a court issue, like she feels like is being done here.

If you aren't willing to transfer venue, please provide the Plaintiff with the necessary steps for an **Appeal** in the Court of Appeals. If there is an appeal, there may possibly be a remand, therefore, the Plaintiff is including the below law:

**28 U.S. Code § 144 - Bias or prejudice of judge**

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The Plaintiff does believe that both Judge Melgren and Magistrate James have behaved in a biased manner towards her. She believes that they have exhibited bad faith fueled with insults regarding the handling of her case. Magistrate James has also shown partial treatment towards the Defendant. The details listed above on this Memorandum explain their biased behavior. In all honesty, the negative behavior started when the Plaintiff respectfully disagreed with the defense attorney. Then it was followed by the insults from the Magistrate. The Plaintiff

expressed a comparison of Western Missouri cases staying focused on the issue versus insulting pro se litigants.  This led to Judge Melgren putting words into her mouth and insulting her on the memorandum and order, as a response to her motion to change the magistrate.  They aren't focusing on the issue and applying the law, instead they are focusing on her and adding insults. The Plaintiff has to represent her case, however, they don't want her to do that, and she believes it is because they are biased.  Her court battle is enough to handle.  Judges are typically fact finders to apply case law, not insults.

In fact, her true case is about abusive behavior towards her for almost two years, and with that being said, she doesn't have the bandwidth to encounter the type of behavior these judges are demonstrating towards her.  She needs a judge and/or magistrate who remains neutral.

In 2024, it takes a lot of effort to have a non-diverse workforce. In 2024, it may be intentional. If one doesn't have a diverse workforce, it is a red flag regarding how they will perceive this case.

Based on a first interaction with Judge Melgren, what has been shown to the Plaintiff is behavior that makes her uncomfortable. She has experienced horrific abuse for the past two years, and she suffered through it by making positive statements that at some point, it will get better. She fooled herself.  Judge Melgren twisted her words, more than once, versus quoting what she has stated as a fact.  He insulted her multiple times.  He even stated "her decision to refile it in this Court" which is argumentative and implies, its up to you if you want to be here. This doesn't correlate to a focus on understanding that this is about justice.

When a person goes through something traumatic, it changes them forever.  She had to make a choice for a healthy life, and therefore, she can no longer accept people who intentionally set out to harm others.  Sadly, either the pandemic or the social movement has brought monsters to the surface.

Therefore, she is 100% uncomfortable being assigned to these two judges based upon how they have shown an indifference to her already.   The lack of compassion combined with the

aggressive behavior and insults towards her, is alarming.  The only thing that she has done so far is shared facts.  Once discovery hits, it will provide even more painful details.

If judges behaving in an aggressive manner towards pro se litigates is a standard in Kansas District Court, then it isn't for her.  However, the Plaintiff has paid $807, and nothing has been resolved.  She chooses her health for the sake of this case, which is heavily impacted by racial animus.  Both judges have demonstrated behavior that makes the Plaintiff uncomfortable.  While she realizes that it is rare to find a judge like Judge Robert McBurney, who treats everyone in his courtroom with respect, and Judge Ruth Ginsberg, who fought for the people in her dissenting opinions; the Plaintiff believes that there are other judges who aren't biased, who are impartial, fair and respectful (no insults) throughout the court proceeding.

With that being said, Plaintiff is requesting her cases to be transferred to a district that tolerates and accepts diversity.  As a worst-case-scenario, if these cases are remanded back, she is asking that they no longer be assigned to the case, and perhaps Judge Julie Robinson can be randomly assigned.  It's a prayerful request.

Under perjury,

Kris Briscoe, Pro Se
Plaintiff

In closing Your Honor,  Thank you for your time spent resolving this matter.

In Prayer,

Kris Briscoe, Pro Se
kribrisc@gmail.com (confidential email)
*e-serve requested for all communications.*

By: /s/ Kris Briscoe
Kris Briscoe
Pro Se/Plaintiff