**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Kris Briscoe, Pro Se §
Plaintiff, §
§
v. §
§
Amazon.com Services, LLC §
Defendant §
Serve Registered Agent - Daniel Boatright §
Kansas City, MO §
§ Case No.: 2:24-cv-02257-EFM-TJJ
Gavin Hepburn, Regional Service Leader § Case No.: 2:23-cv-02481-TC-TJJ
Individually, Amazon.com Services, LLC, ET AL §
Resident of Washington §
§
Kevin Warf, MHLS Team Leader § **JURY TRIAL REQUESTED**
Individually, Amazon.com Services, LLC, ET AL §
Resident of North Carolina §
§
Silvia Valdez, MHLS Team Leader §
Individually, Amazon.com Services, LLC, ET AL §
Resident of Utah §
§
Ryan Johnston, Investigator §
Individually, Amazon.com Services, LLC, ET AL §
Resident of Colorado §
§
Theunis Kotze, Sr. Manager §
Individually, Amazon.com Services, LLC, ET AL §
Resident of Texas §
§
Bethany Reyes, Head of ERC (MHLS) §
Individually, Amazon.com Services, LLC, ET AL §
Resident of Washington §
§
Genelle Rose, Team Lead §
Individually, Amazon.com Services, LLC, ET AL §
Resident of Louisiana §

Jasmine Kammer, HR Business Partner §
Defendant §

| | |
|---|---|
| Individually, Amazon.com Services, LLC, ET AL | § |
| Resident of North Carolina | § |
| | § |
| THIRD PARTY | § |
| Amazon.com, Inc. | § |
| Defendant, Washington | § |

**MEMORANDUM TO SUPPORT**
**MOTION TO TRANSFER VENUE OR AN APPEAL**
**BIAS OR PREJUDICE OF JUDGE**

Original Case:

2:23-cv-02481-TC-TJJ - Paid $402 on 10/31/2023

Assigned to District Judge Toby Crouse and Magistrate Teresa J. James

Current Case:

2:24-cv-02257-EFM-TJJ - Paid $405 on 6/14/24.

Assigned to Chief District Judge Eric F. Melgren and Magistrate Teresa J. James (who was previously removed from the first case).

LEGAL STANDARD:

In Yumei Li-Bachar v. Johnson & Johnson, et al., 2022 WL 17094600 (D. Minn. Nov. 21, 2022), "the court explained that, under the “transfer statute,” 28 U.S.C. § 1404(a), it had broad discretion when considering a motion to transfer venue."

"The decision to transfer under Section 1404(a) involves a two-step inquiry. First, the district court must determine whether the action might have been brought in the proposed transferee district. Second, the district court must weigh three factors, which are whether transfer would be (1) convenient for the parties, (2) convenient for the witnesses, and (3) in the interests of justice."

"To warrant transfer...Here, the convenience of the parties and the witnesses weighs in favor of transfer and the interests-of-justice factors are neutral. Because the convenience of the witnesses is the most important factor, Defendants have met their burden to establish that transfer is warranted in this case. The Court grants Defendants' motion to transfer venue to the Western District of Michigan."

First, the Plaintiff has already listed her reasons on the first Memorandum to Support the Change of Venue. Western Missouri District Court has always been a court of consideration for convenience and for overall justice, and there is a nexus of involvement with Missouri, which does involve applicable cause of action(s).

Briscoe v. Amazon, et al involves diversity locations, and witnesses are also in diverse locations. Western Missouri is convenient for all parties, as it is essentially across the street from the Kansas District Court. The most important reason is in the interests of justice. The Plaintiff hasn't served the defendants, and literally filed the case a couple of weeks ago. The reason why she dismissed the first case without prejudice was due to what she believes is unfair and biased handling of her motion and a display of favor towards the defendant, as already noted in the first Memorandum. In fact, when she submitted the last two motions, she wasn't able to see them handled in a way like other cases (Memorandum and Opinion, etc.). This case is important, and so is fairness. Since the defendants haven't been served, she is hoping that her case can be transferred, in order to allow justice to be served. Kansas City, Missouri also offers a diverse pool of jurors in which to pool select. In addition, they have diverse judges.

Sadly, Kansas District has shown unfavorable treatment towards the plaintiff, and implied that it was "her choice" to file in their district, and since it has broad discretion to consider a motion of transfer; then it should also be her choice to transfer to another district. She had to pay twice, and nothing has been resolved. The Plaintiff suffered abuse for two years, and she doesn't have the bandwidth to encounter impartial and biased behavior, or a judge during a first encounter, quickly and callously including statements that align with the treatment that she described in her pleadings of what she suffered for two years with the defendant; and for the

other reasons listed in the initial Memorandum for Change of Venue. There is no justice in placing the Plaintiff into a battle for justice against the defendant, and needing to defend against an apparent mindset by a judge and magistrate at the Kansas District Court (as included in the initial Memorandum); especially since Western Missouri is across the street, and based upon a review of their cases, they have treated Pro Se litigants better, by staying focused on the issues and not making it personal against them.

**Relief that is sought, respectfully:**

As recorded in the initial Memorandum to Change Venue.

**28 U.S. Code § 144 - Bias or prejudice of judge**

As recorded in the initial Memorandum to Change Venue.

With that being said, Plaintiff is requesting her cases to be transferred to a district that tolerates and accepts diversity. As a worst-case-scenario, if these cases are remanded back, she is asking that they no longer be assigned to the case, and perhaps Judge Julie Robinson can be randomly assigned. It's a prayerful request.

Under perjury,

Kris Briscoe, Pro Se
Plaintiff

In closing Your Honor, Thank you for your time spent resolving this matter.

In Prayer,

Kris Briscoe, Pro Se
kribrisc@gmail.com (confidential email)
*e-serve requested for all communications.*

By: /s/ Kris Briscoe
Kris Briscoe
Pro Se/Plaintiff