IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRIS BRISCOE,

*Plaintiff*,

v.

AMAZON.COM SERVICES, LLC et. al,

*Defendant*.

Case No. 2:24-cv-02257-EFM-TJJ

**MEMORANDUM AND ORDER**

Before the Court are five Motions by Plaintiff Kris: (1) her Motion to Transfer (Doc. 11) and four separate Motions to Dismiss her pending appeal (Docs. 18, 19, 20, and 21). Because this Court lacks jurisdiction over the case pursuant to Plaintiff's appeal, the Court denies all five Motions as moot.

On October 31, 2023, Plaintiff initially filed what appears to be facially the same case against the same Defendants filed in this case. District Judge Toby B. Crouse and Magistrate Judge Teresa J. James were assigned to her case.[1] On May 28, 2024, Plaintiff moved for voluntary dismissal of her case, complaining that Judge James and the defense counsel used similar "tones" while stating Defendants were "getting away with murder!" At the same time, Plaintiff separately moved the Court transfer her case to the United States District Court for the Western District of

---

[1] *See Briscoe v. Amazon.com Inc.*, *et. al*, 2:23-cv-02481-TC-TJJ.

Missouri. On May 31, Judge Crouse granted Plaintiff's motion to dismiss the case without prejudice, and found Plaintiff's request for transfer to be moot.

On June 14, Plaintiff refiled her case in this Court. This time, Chief District Judge Eric F. Melgren and Magistrate Judge Teresa J. James were assigned to her case. On June 18, Plaintiff filed the present Motion, claiming that her intention in dismissing her previous case was to get a new magistrate judge assigned to her. After paying the $402 filing fee, Plaintiff ironically was reassigned Judge James as per the Court's random assignment of judges and magistrate judges.

Plaintiff then moved to remove Judge James from the case *or* for a refund of the filing fee, in which case Plaintiff had no issue with Judge James remaining on the case. The Court denied her motion.

Plaintiff next filed a "Motion to Transfer Venue or an Appeal Bias or Prejudice of Judge" (Doc. 11). In this Motion, Plaintiff asked either for the Court to transfer her case to a Missouri court—she did not specify which. If that request was denied, Plaintiff stated she would appeal her case.

On July 16, while her previous Motion was still pending, Plaintiff filed a "Motion for Appeal (Notification)" wherein she purported to appeal the Court's order denying her request for Judge James' recusal or a refund. On July 17, 2024, the Tenth Circuit docketed Plaintiff's appeal, designating it as Appeal No. 24-3100.

On July 18, Plaintiff filed her first, second, and third Motions to Dismiss her appeal. She filed the fourth on July 19. In these Motions, she effectively asks for this case to go away—she wishes "to dismiss without prejudice; dismiss the appeal regarding the transfer venue/filing application fee; close the case; and moot the summons."

Unfortunately for Plaintiff, her decision to file a notice of appeal divests this Court of the jurisdiction to entertain her pending motions.  As stated by the Supreme Court, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[2]  Here, all five of Plaintiff's pending Motions are directly at issue in her appeal.  Therefore, the Court lacks jurisdiction to rule on her Motions.

Plaintiffs accurately cites Federal Rule of Appellate Procedure 42(a) for the proposition that "[b]efore an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties."  The problem is that Rule 42(a) does not apply to Plaintiff's case because the Tenth Circuit has already docketed Plaintiff's appeal and assigned it Appeal No. 24-3100.

Plaintiff also attempts to rely on Kansas procedural law to argue that her appeal was procedurally improper and therefore ineffective.  Ignoring that this is a *federal* court applying *federal* procedural law, Plaintiff's docketed appeal dictates that the only court capable of addressing her concerns is the Tenth Circuit.  Because the Court lacks jurisdiction over any of Plaintiff's pending Motions, it denies them all as moot.

---

[2] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Arroyo v. Myers*, 2024 WL 1714490, at *4 n.6 (10th Cir. Apr. 22, 2024) (quoting *Griggs*).

**IT IS THEREFORE ORDERED** that Plaintiff's Motions (Docs. 11, 18, 19, 20, and 21) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE